**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

DR. VELTON C. WHITE,

Plaintiff,

v.

Case No. 07-CV-892

MICHAEL C. MARSHALL,
SUPER SPRING ORTHODONTICS, LLC,
and SPEEDALIGNERS, LLC,

Defendants.

---

## ORDER

On October 4, 2007, the plaintiff, Dr. Velton C. White ("White"), filed his complaint in this action alleging copyright infringement. According to the complaint, the defendants are infringing White's copyrights by using copies of White's photographs on their website and on other written material. White also filed a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, seeking an order enjoining the defendants from using the copies of White's photographs. The defendants oppose the preliminary injunction motion and filed a motion to dismiss White's complaint. For the reasons set forth below, the court will deny both motions.

### BACKGROUND

White, an orthodontist, has made a patented orthodontic device that uses springs. White offers the orthodontic device for sale and use in his own practice. In order to demonstrate the effectiveness of his orthodontic device, White took

"before" and "after" photographs of his patients, and he uses these photographs in promotional materials. White has obtained federal copyright registration for these photographs. Defendant Michael C. Marshall ("Marshall") assisted White in promoting the orthodontic devices. In 2004, Marshall, Nancy Phillips ("Phillips"), and a third individual formed defendant Super Spring Orthodontics, LLC ("Super Spring"), a company that provides orthodontic devices and services. White alleges that Super Spring launched a promotional website, www.speedaligners.com, which, according to White, displays his copyrighted "before" and "after" patient photographs. White also alleges that defendant Speedaligners, LLC ("Speedaligners') identifies the content of that website as its copyrighted property.

In 2004, Phillips filed a lawsuit against White for having been wrongfully omitted as an inventor of the patented orthodontic device, and White counterclaimed against Phillips, Super Spring, and Marshall alleging infringement of the patent, infringement of White's copyrighted photographs, and unfair competition. That case was resolved after the parties reached a settlement agreement in June 2006. Pursuant to the parties' agreement, in exchange for monetary compensation, White granted a license to Super Spring to use the patented orthodontic device and to use the copyrighted patient photographs that are the subject of this action. The license to use the photographs extended through June 30, 2007. White alleges in this case that the defendants continue to display his copyrighted photographs on www.speedaligners.com even though the license has expired. The defendants

contend that White did not own valid copyrights to the photographs at the time of the alleged infringement.

**ANALYSIS**

The court will first address White's motion for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original; citations omitted). Granting a preliminary injunction involves the "exercise of a very far-reaching power" and is "never to be indulged in except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus. Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) (citations omitted).

To prevail on his motion for preliminary injunctive relief, White must first prove that: (1) he has some likelihood of succeeding on the merits; and (2) he has no adequate remedy at law and will suffer irreparable harm if the preliminary relief is denied. *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." *Id.* If the moving party clears both thresholds, then the court must consider whether the irreparable harm the moving party will suffer if the injunction is not granted is greater than the irreparable harm the non-moving party will suffer if the injunction is granted and the public interest, meaning the consequences to non-parties of granting or denying the injunction. *Id.*

at 11-12. The moving party bears the burden of persuasion with respect to each of these factors. *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976).

Here, White must show that he will suffer irreparable harm if the defendants are not preliminarily enjoined from using the copies of White's photographs. An injury is irreparable harm for purposes of granting a preliminary injunction only if the harm cannot be repaired by a final judgment after trial. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) (citations omitted). White asserts that irreparable injury may be presumed in this case because he can demonstrate infringement of his copyrights. *See Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 620 (7th Cir. 1982) ("Irreparable injury may normally be presumed from a showing of copyright infringement."). However, as noted above, the defendants contend that White did not own valid copyrights to the photographs at the time of the alleged infringement. More importantly, given that White provides no examples of any actual injury, and he previously granted the defendants a license to use the copyrighted photographs in exchange for settling a prior lawsuit and monetary compensation, it appears any injury to White can be repaired by a final judgment after trial.

White alleges he "has encountered resistance to his efforts to promote" his products "due to the continued unauthorized presence of his copyrighted photos on the www.speedaligners.com website because people think that the speedaligners

are endorsed by or somehow affiliated with" White's products, when, in fact, they are not. (Pl.'s Br. at 4; White Decl. ¶ 18.) White argues that in the absence of a preliminary injunction, he will be "deprived . . . of an unknown number of sales and the accompanying profit," and he will suffer damage to his "reputation and the goodwill he has garnered" for his products. (Pl.'s Br. 6.) White, however, does not provide any examples of the "resistance" he has encountered, nor does he suggest how a perceived endorsement or affiliation with Speedaligners would be harmful to his sales, reputation, or goodwill. Indeed, it is undisputed that pursuant to the parties' June 2006 settlement agreement, Super Spring, the alleged owner of www.speedaligners.com, used the copyrighted patient photographs with White's permission. (White Decl. ¶¶ 11, 14.) White does not explain how this use of the photographs became irreparably harmful once the license expired on June 30, 2007.

White contends that the difficulty in calculating damages in this case suggests that a preliminary injunction is appropriate. However, the only apparent harm caused by the defendants' use of White's photographs after the license expired appears to be the lack of monetary compensation to White for the defendants' use of those photographs. Therefore, White can seek damages in an amount based upon the amount of compensation he was receiving for the license granting the defendants permission to use the photographs. Thus, it appears adequate monetary damages will be available at a later date through the ordinary course of litigation. "The possibility that adequate compensatory or other corrective relief will be

available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (U.S. 1974) (quoting *Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921, 925 (1958).

In sum, the court is obliged to deny White's motion for a preliminary injunction because he did not demonstrate that he has no adequate remedy at law and that he has suffered or will suffer irreparable harm in the future because of the defendants' actions. Since White failed to establish one of the prerequisites for a preliminary injunction, the court need not examine the remaining three elements. *See Abbott Laboratories*, 971 F.2d at 11.

Also before the court, White filed a motion to strike a transcript filed by the defendants, or in the alternative, to file a surreply. The court will permit the filing of White's surreply. The court considered White's surreply brief and the defendants' supplemental reply brief in addressing White's motion for a preliminary injunction, although those filings played no significant role in the court's decision.

In response to White's complaint, the defendants filed a motion to dismiss pursuant to Rule 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e). The defendants assert that White's complaint should be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must read the complaint liberally, granting the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The federal notice pleading standard requires only that a complaint give a "short and plain statement showing that the plaintiff is entitled to relief, the purpose of which is to give the defendant notice of the claims and the grounds they rest upon." *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). The court must accept all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). To establish copyright infringement, White must prove two elements: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

The defendants raise six arguments in support of their motion to dismiss, however, despite the fact that a court may not ordinarily consider matters outside the pleadings on a Rule 12(b) motion, each of the defendants' arguments relies upon the lack of evidence submitted by White, or evidence introduced by the defendants, including the affidavit of defendant Marshall, exhibits, and a partial transcript of Phillips's divorce trial. The defendants' motion to dismiss will be denied because it relies upon material outside the pleadings, and given that the parties have not had the opportunity to conduct discovery, the court declines to consider those materials by converting the defendants' motion to a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P 12(d); *Loeb Indus. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002).

Finally, pursuant to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Id.* In support of their Rule 12(e) motion for a more definite statement, the defendants assert that White's complaint alleges in conclusory fashion that all defendants used his photographs without his authorization. The defendants assert that they cannot answer White's complaint because it is unclear which defendant he is accusing of infringing his copyrights. However, a review of White's complaint reveals that White alleges that all three defendants are infringing his copyrights. Specifically, defendant Super Spring is alleged to control and own the www.speedaligners.com website displaying the photographs, defendant Speedaligners is alleged to have claimed ownership of the content of the website, and defendant Marshall is alleged to own and control Super Spring and Speedaligners. (Compl. ¶¶ 21, 31-34.) Because White's complaint gives the defendants notice of the conduct giving rise to his claims, the court concludes that his allegations are not "so vague or ambiguous that the [defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). As such, the court will deny the defendants' Rule 12(e) motion for a more definite statement.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for preliminary injunction (Docket #3) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss the plaintiff's complaint, or in the alternative, for a more definite statement (Docket #9) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike, or in the alternative, file a surreply (Docket #14) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge