UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DR. VELTON C. WHITE,

    Plaintiff,

v.                      Case No. 07-CV-892

MICHAEL C. MARSHALL,
SUPER SPRING ORTHODONTICS, LLC,
and SPEEDALIGNERS, LLC,

    Defendants.

_____

# ORDER

  Plaintiff Dr. Velton C. White ("Dr. White") filed a copyright infringement action against Defendants Michael C. Marshall, Super Spring Orthodontics, LLC, and Speedaligners, LLC, (collectively, "the defendants") arising from the defendants' allegedly infringing use of Dr. White's copyrighted photographs on their website and written materials. In response to the complaint, the defendants filed a motion to dismiss, which the court denied on March 27, 2008. To date, the defendants have not filed an answer to Dr. White's complaint.

  Instead, the defendants filed a motion for partial summary judgment on April 10, 2008. The defendants assert that this motion fulfilled their duty to "defend" under Federal Rule of Civil Procedure 55(a); however, they filed a motion for an extension of time to file an answer in case the court found otherwise. In addition, the defendants filed a motion for joinder of Donna White as a party plaintiff. Donna

White is Dr. White's wife and a co-claimant on at least one of the copyright registrations at issue in this action.

Dr. White then responded by filing a motion to strike the defendants' motion for partial summary judgment based on failure to comply with Local Civil Rule 56.2. The defendants did not oppose the motion to strike, but rather, filed a motion for leave to file an amended motion for partial summary judgment. For the reasons set forth below, the court will grant each of the following motions: the plaintiff's motion to strike defendant's motion for partial summary judgment; the defendants' motion for leave to file an amended motion for partial summary judgment; the defendants' motion for an extension of time; and, the defendants' motion for joinder of Donna White.

## I. Motion to Strike the Partial Summary Judgment Motion and Motion for Leave to File an Amended Motion

Dr. White urges this court to strike the defendants' motion for partial summary judgment on the issue of statutory damages and its supporting brief based on their failure to comply with Local Civil Rule 56.2. The local rule requires that a party filing for summary judgment include: 1) a stipulation of facts between the parties; or 2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record; or 3) a combination. (E.D. Wis) Civil L.R. 56.2. Further, the rule requires that factual propositions be set out in numbered paragraphs. *Id.*

The court will grant Dr. White's motion to strike the original partial summary judgment motion, as well as the defendants' motion to file an amended motion. The

-2-

court finds that the defendants' summary judgment motion fails to comply with Local Civil Rule 56.2 because it does not include findings of fact supported by specific citations to evidentiary materials in the record and it fails to set out factual propositions in numbered paragraphs. In addition, the defendants do not oppose the motion. Therefore, the court will strike the original, non-compliant motion.

However, the court will also grant the defendants' motion for leave to file an amended motion for partial summary judgment. Under Rule 15, the court may allow timely amendments to pleadings. Fed. R. Civ. P. 15(a). Thus, by extension, the court also has the discretion to allow amendments to dispositive motions. Further, Dr. White does not oppose the motion. Therefore, the court will allow the defendants to amend and will deem the motion and supporting materials filed as of the date of this order.

## II.     Motion for an Extension of Time to File an Answer

The defendants also request an extension of time to file an answer to Dr. White's complaint. The defendants assert that their motion for partial summary judgment precludes entry of default judgment under Rule 55(a) for failure to "defend." The defendants further assert that their motion for partial summary judgment on the issue of statutory damages will "simplify the case" if granted. (Defs.' Mot. Ext. Time, p. 1). Thus, the judicial efficiency gained by this possible result constitutes "good cause" for granting an extension of time to file an answer and justifies their filing of a summary judgment motion without also filing an answer.

In response, Dr. White argues that the defendants fail to provide "good cause" for the requested extension under Rule 6(b)(1). Dr. White asserts that the defendants' motion for partial summary judgment will not "streamline" the case because it would only deny one remedy available to the plaintiff (statutory damages), and would not resolve the defendants' liability for copyright infringement. Thus, Dr. White argues that no good cause exists for the defendants' failure to file an answer.

Rule 6 provides that a court may extend the time period for filing specified in federal rules, local rules, court orders or statutes for good cause. Fed. R. Civ. P. 6(a-b). The rule grants district courts broad discretion to expand filing deadlines. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995). Thus, the defendants' request for an extension to file an answer falls within this court's discretion.

The court credits the argument that judicial efficiency may constitute "good cause" for an extension of time. Assuredly, the court aspires to the most swift, just, and cost-effective determination of every action. As the defendants point out, dismissal of this action based on summary judgment and prior to the filing of an answer would likely save time, judicial energy, and attorneys' fees. In addition, just resolution of the case is enhanced by allowing the defendants to file an answer and argue the case on its merits rather than entering a default judgment for failure to defend. However, the potential for the defendants' *partial* summary judgment motion on the issue of statutory damages to result in dismissal of the case as a whole is far

from certain. The defendants take great pains to outline legal arguments and reasoning which a court could potentially employ to render a complete dismissal of the case based on their partial summary judgment motion and derivative relief, though even they admit that this dismissal scenario requires "optimism." (Defs.' Reply Pl.'s Opp'n Ext. File Answer, pp. 2-4).

The court accepts the defendants' argument that judicial efficiency concerns may provide "good cause" for an extension of time, and will stretch that "good cause" to excuse the defendants' failure to file an answer based on the potential for resolution of the case on their summary judgment motion. However, the likelihood of this outcome is not plausible enough to warrant additional delays in the case. Therefore, the court will grant the extension of time but will direct the defendants to file an answer to the complaint within twenty days.

## III. Motion for Joinder of Donna White

Federal Rule of Civil Procedure 19 requires joinder when the party to be joined "claims an interest relating to the subject of the action" and deciding the action in that party's absence may either impede the party's ability to protect the interest or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). Thus, joinder is required when the party must be present to protect its own or another party's interests. *Boulevard Bank Nat'l Ass'n v. Philips Medical Sys. Int'l B.V.*, 15 F.3d 1419, 1423 (7th Cir. 1994). Application of Rule 19 joinder to a party

further requires that the party be subject to service of process and that joinder will not deprive the court of jurisdiction over the subject matter of the action. Fed. R. Civ. P. 19(a)(1); *See also United States ex rel. Hall v. Tribal Dev. Corp.*, 165 F.R.D. 83, 85 (E.D. Wis. 1996).

The defendants move the court to join Donna White as a party plaintiff in this action. To support their motion, the defendants note that the action is one for copyright infringement, that Donna White is a co-claimant on one of the allegedly infringed copyright registrations, and that she is a citizen and resident of Wisconsin. Therefore, the defendants argue they may be subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of her claimed interest. Further, they assert that joinder of Donna White does not deprive the court of subject matter jurisdiction because she is subject to the jurisdiction of this court as to both service of process and venue.

This court agrees and finds that joinder of Donna White is appropriate. She meets the following requirements for joinder of a party under Rule 19: a) her joinder does not deprive the court of subject-matter jurisdiction; b) she has an interest relating to the copyright infringement action; and c) failure to join her may subject the defendants to multiple obligations as a result of her interest in the copyright. The plaintiff admits that Donna White is the co-owner of Registration Number TX 6-369-883. (Pl.'s Br. Opp'n Join., p. 1). Further, Dr. White's single argument against joinder fails. Dr. White cites a 1944 case, *Edward B. Marks Music Corp. v. Jerry*

-6-

*Vogel Music Co.*, 140 F.2d 268 (2d Cir. 1944), for the proposition that one co-owner of a copyright may be regarded as the real party in interest and may then sue without joining other co-owners. However, Dr. White provides no evidence or argument that he is the real party in interest. Further, the cited case law is distinguishable. In *Edward B. Marks Music Corp.*, the lyricist and composer of a song were co-owners of the song copyright, however, the copyright was later renewed in the name of only one. *Id.* at 268. Thus, the legal right to the copyright went to one owner and the second owner's interest was equitable. *Id.* The court stated that the holder of the legal title to a copyright may sue without joining others who have an equitable interest in the copyright. *Id.* There is no such separation of legal and equitable interests in the copyright registration at issue in the instant case. Therefore, the court will join Donna White as a party plaintiff.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to strike the defendants' motion for partial summary judgment (Docket #22) be and the same is hereby **GRANTED**, the defendants' original motion for summary judgment (Docket #18) is **STRICKEN**;

**IT IS FURTHER ORDERED** that the defendants' motion for an extension of time to file an answer (Docket #19) be and the same is hereby **GRANTED**; the defendants shall file an answer to the complaint **within twenty (20) days of the date of this order**;

**IT IS FURTHER ORDERED** that the defendants' motion for leave to file an amended motion for partial summary judgment (Docket #23) be and the same is hereby **GRANTED**; the court deems the amended motion for partial summary judgment and supporting brief and documents filed as of the date of the court's order;

**IT IS FURTHER ORDERED** that the defendants' motion for joinder of Donna White (Docket #20) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge