UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DR. VELTON C. WHITE and
DONNA WHITE,

        Plaintiffs,

v.                                                     Case No. 07-C-0892

MICHAEL C. MARSHALL,
SUPER SPRING ORTHODONTICS, LLC,
and SPEEDALIGNERS, LLC

        Defendants.

---

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

---

Counterclaimants' opposing brief tacitly concedes that the misrepresentation-based claims are barred by the economic loss doctrine and that the breach of contract and warranty claims as pleaded fail to state a claim for relief. Yet counterclaimants stretch both the law and logic in attempt to claim an exception to the economic loss doctrine, and resort to the vaguest notions of "notice pleading" in vain attempt to avoid dismissal. Counterclaimants have failed to establish a plausible basis for recovery on any of their counterclaims, with the consequence that the motion of Dr. Velton C. and Donna White to dismiss the Amended Counterclaim should be granted.

## I. ARGUMENT

    A.    **There Is no Legal or Factual Basis that Precludes Application of the Economic Loss Doctrine**

Counterclaimants acknowledge the economic loss doctrine, but suggest that it should not bar their claims for intentional misrepresentation and fraudulent inducement because (i) the

counterclaimants "were not sophisticated commercial entities who might be expected to do extensive diligence and meet the transactional cost burden of a contract that mitigates to zero the risk of fraud," (Brief Opposing Motion to Dismiss [39], p. 8),
and (ii) the alleged misrepresentations were supposedly "extraneous to the agreement," and the case therefore falls within the narrow exception to the economic loss doctrine for certain fraudulent inducement claims. (Brief Opposing Motion to Dismiss [39], p. 9) The first argument has been rejected by Wisconsin courts, and the second argument is factually contradicted by the counterclaim itself—a fact that counterclaimants do not even bother to address.

The Supreme Court of Wisconsin has expressly rejected the notion that the economic loss doctrine is limited in its applications to disputes involving sophisticated parties likely to have significant financial resources. In a concurring opinion in *Wickenhauser v. Lehtinen*, 302 Wis.2d 41 (Wis. 2007), Chief Justice Abrahamson explained that the majority opinion confirmed the applicability of the economic loss doctrine to transactions involving "at least one unsophisticated party negotiating without counsel and without a fully written, bargained-for contract." 302 Wis.2d at 78 - 79; *see also Below v. Norton*, 310 Wis.2d 713 (Wis. 2008) (ELD applies to intentional misrepresentations in residential, non-commercial real estate transactions). Moreover, the Settlement Agreement recites that it was executed "upon full consideration and advice of counsel." (Exhibit O to October 15, 2007 Declaration of Velton C. White [3-1], ¶ 1)[1] Putting aside the degree of counterclaimants' "sophistication," the counterclaimants negotiated a fully written, bargained for Settlement Agreement with the benefit and advice of counsel. Thus, the argument that the economic loss doctrine is inapplicable to counterclaimants because of their lack of sophistication lacks any support in Wisconsin law.

---

[1] The White's initial brief mistakenly identified Exhibit O as attached to the complaint, when it was appended to Dr. White's October 15, 2007 declaration in support of his motion for a preliminary injunction.

The suggestion that the alleged misrepresentations are extraneous to the Settlement Agreement is nonsense. The misrepresentations are alleged in paragraph 18 of the Amended Counterclaim, and restated in paragraphs 45 – 47, and are also found in paragraph 9 of the Settlement Agreement (Oct. 15, 2007 White Dec., Ex. O [3-1]):

- The parties represented and warranted "that they are the sole owners of the rights and claims relinquished by this Settlement Agreement and that those rights and claims have not been transferred or assigned to any other party."

- Dr. White represented "that to White's knowledge the '943 and '859 patents are valid and that White and his agents and attorneys are not aware of any act or omission that would render either patent unenforceable."

Counterclaimants alleged that the representations and warranties were "made as part of the bargained-for allocation of risks of the parties." (Amended Counterclaim, ¶¶62 – 64).

And if that admission by counterclaimants were not enough, the Settlement Agreement recites that no inducement not expressed in the Settlement Agreement had been made to procure its execution (Oct. 15, 2007 White Dec., Exhibit O [3-1], ¶ 12), and that the Settlement Agreement was not executed in reliance upon any representations "except for those representations set forth" in the agreement. (Oct. 15, 2007 White Dec., Exhibit O [3-1], ¶ 1) In the face of the admission that the representations and warranties were bargained for consideration, and the recitation in the Settlement Agreement that there were no representations or inducements not expressed in the agreement, the argument that Dr. White's alleged misrepresentations were extraneous to the agreement is frivolous.

Although counterclaimants try to distinguish *Taurus*, White's alleged misrepresentations were even more "interwoven" with the settlement than the alleged misrepresentations involved in *Taurus*. In *Taurus*, the subject matter of the alleged misrepresentations were "'outside' the contract in the sense that the contract does not discuss these items," and yet were found to be interwoven with the settlement. 519 F. Supp. 2d at 928. In this case, Dr. White's alleged

misrepresentations were recited within the four corners of the Settlement Agreement, and were thus even more "interwoven" with the agreement than the alleged misrepresentations in *Taurus*.[2]

### B. Counterclaimants Provide No Cogent Response in Support of Claims III and IV for Breach of Contract and Warranty

The White's brief supporting their motion to dismiss explained how the allegations of Counts III and IV of the counterclaim fell short of stating a claim for breach of contract or warranty, respectively. Counterclaimants do not dispute that the facts alleged fail to state a claim for relief, but instead refer to the concept of notice pleading, suggesting that discovery will reveal where the breach lies. But notice pleading does not relieve a party asserting a claim from explaining the basis of his or her claim. The Seventh Circuit has explained that, as articulated by the United States Supreme Court, Rule 8(a)(2), Fed.R.Civ.P., imposes two "easy-to-clear" hurdles:

> First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14.

*EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (affirming dismissal for failure to state a claim). Neither the Amended Counterclaim nor counterclaimants' brief opposing the motion to dismiss provides sufficient detail to give fair notice of the grounds on which the claim rests or plausibly suggests that counterclaimants have a right to relief for breach

---

[2] Counterclaimants also suggest—without directly arguing—that the economic loss doctrine does not apply because Dr. White's alleged misrepresentations do not relate to the character and quality of *products*. That suggestion, however, is refuted by *Taurus*, which held that the economic loss doctrine applied when the alleged misrepresentations related to an agreement settling litigation and releasing claims, just as in the present case.

of contract or breach of warranty. The discussion of White's supposed misrepresentations and the law governing a duty of disclosure at pages 11 – 14 of counterclaimants' brief does nothing to shed light on how White breached the contract or what claim against or loss by counterclaimants has triggered the indemnity obligations underlying the breach of warranty claim. Accordingly, Counts III and IV of the Amended Counterclaim must be dismissed.

### D. Counterclaimants Election of Remedies Has Barred Any Claim for Rescission

The argument under (iii) in counterclaimants' brief is understood as asking for the opportunity to pursue a claim for rescission of the Settlement Agreement in the event the Court agrees that the claims for intentional misrepresentation and fraudulent inducement are barred by the economic loss doctrine. Counterclaimants are barred from doing so, however, by their election to pursue a claim for damages for breach of contract under the doctrine of election of remedies.

In *Stadler v. Rohm,* 40 Wis.2d 328 (1968), the plaintiff filed a complaint for breach of contract, seeking specific performance and damages. Plaintiff subsequently amended the complaint, seeking rescission of the contract. The court held that by filing the complaint seeking specific performance and damages for breach the plaintiff had affirmed the contract and was precluded under the doctrine of election of remedies from thereafter seeking rescission. The dispositive issue for the court was whether the plaintiff knew or should have known of the misrepresentations forming the basis for the rescission claim when the initial complaint was filed. Concluding the plaintiff comprehended the misrepresentation when the complaint was filed, the court denied him the remedy of rescission. *See also Gaugert v Duve,* 217 Wis.2d 164 (Wis. App. 1998) (following *Stadler*). In this case, the nature of the alleged misrepresentation was known to counterclaimants when the Amended Counterclaim was filed—indeed, the alleged

misrepresentations are the focal point of the counterclaim—yet counterclaimants affirmed the Settlement Agreement by seeking damages for its supposed breach. Accordingly, the ability to seek the remedy of rescission is foreclosed to counterclaimants by virtue of their election to pursue a claim for breach of contract.

### E. None of the Claims State a Claim for Relief Against Donna White

Counterclaimants do not dispute that the Amended Counterclaim fails to state a claim fro relief against Donna White.

### III. CONCLUSION

For the reasons set forth above and in their initial brief, Dr. Velton C. and Donna White respectfully request that their motion be granted and the counterclaims alleged in the Amended Counterclaim be dismissed with prejudice.

Dated: April 8, 2009

/s/ John P. Fredrickson
John P. Fredrickson
*Attorney for Counterclaim Defendants Dr. Velton C. and Donna White*

Boyle Fredrickson, S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
Telephone: (414) 225-9755
Facsimile: (414) 225-9753
e-mail: jpf@boylefred.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of the filing to Marjory S. Stewart, counsel for defendants.

/s/ *John P. Fredrickson*
John P. Fredrickson
*Attorney for Counterclaim Defendants Dr. Velton C. and Donna White*

Boyle Fredrickson, S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
Telephone: (414) 225-9755
Facsimile: (414) 225-9753
e-mail: jpf@boylefred.com