IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DR. VELTON C. WHITE, <br> DONNA WHITE <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL C. MARSHALL <br> SUPER SPRING ORTHODONTICS, LLC, <br> SPEEDALIGNERS, LLC <br> NIGHTSHIFT, LLC <br> DANIEL BISHOP <br><br> Defendants | Case No. 07 C 0892 <br><br> Judge J.P. Stadtmueller |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS MOTION TO DISMISS WHITES' AMENDED
COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

NOW COMES Marshall and for his motion to dismiss under rule 12(b)(6) states:

**White's Amended Complaint (AC) should be dismissed as to Marshall because White fails to allege facts sufficient to pierce the corporate veil and impose personal liability on Michael C. Marshall ("Marshall")**

Super Spring Orthodontics (SSO) and Speedaligners (SA) have separately moved to dismiss the Amended Complaint (AC). Marshall hereby joins in that motion and incorporates SSO's arguments by reference as if fully set forth herein.

### INTRODUCTION

White's Complaint names Michael Marshall as an individual defendant in addition to defendants SSO and SA. (AC ¶¶ 5, 10.) As White admits, Mr. Marshall is "the Manager of [SSO]." But White has offered no explanation or allegation for why this individual

corporate officer should be held *personally* liable for the actions of SSO or SA. By White's own allegations, and a link to SSO's website, White alleged that SSO created www.speedaligners.com, the "Super Spring website." (AC 20) SSO is alleged to have maintained ownership of the same website (AC 27). SSO has used the website www.speedaligners.com since SSO started. White knows this, since he monitors the website. As the plaintiffs documented in the complaint, SA did not come into existence until well after the website went up. White says Marshall is a member of SA (AC 24) and that the copyrighted works continued to appear on the website. (AC 25) No allegation links Marshall to any act that would expose him to personal liability even if White owns the copyrights, the copyrights are all valid, and the works covered by the copyrights appeared on the website of an entity for which Marshall may be an officer. Moreover, although Mr. Marshall signed the Settlement Agreement, he did so either in his capacity as a corporate officer, or as a requirement of the release of his state claim against Velton White and White has alleged no facts to indicate otherwise.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper as to all or any part of a claim if the claimant fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6); *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 693 (7th Cir. 1999). The legal standard for officer responsibility generally, and officer responsibility on the issue of officer responsibility for infringement particularly, is set forth below.

A corporation is presumed to be "separate and distinct from its officers, shareholders, and directors," and those individuals cannot normally be held liable for the

actions of the corporation. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 378 (7th Cir. 2008) (declining invitation to pierce corporate veil). Accordingly, "[p]ersonal liability for the wrongdoing of a corporation cannot be imposed upon an individual merely because that individual is an officer of the corporation." *DEV Indus., Inc. v. Rockwell Graphic Sys., Inc.*, No. 91 C 7197, 1992 WL 100908, at *3 (N.D. Ill. May 4, 1992).

Here, White seeks to "pierce the corporate veil" and hold Mr. Marshall [and named but as of now not served defendant Daniel Bishop] personally liable for SSO's actions. But, as the Seventh Circuit has repeatedly recognized, veil piercing is disfavored:

> A corporation's veil of limited liability will be pierced only when there is such unity of interest and ownership that the separate personalities of the corporation and the individual or other corporation no longer exist, and when adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice. **Piercing the corporate veil is not favored** and in general, courts are reluctant to do so. Accordingly, ***a party bringing a veil piercing claim bears the burden of showing that the corporationis in fact a "dummy or sham"*** . . . .

*Indus., Inc. v. Citicorp Credit Svcs., Inc.*, No. 07 C 1794, 2007 WL 4335264 (N.D. Ill. Dec. 5, 2007)(dismissing breach of contract claim against individual officers who were not parties to contract); *See also Worth v. Tyer*, 276 F.3d 249, 261 (7th Cir. 2001) (plaintiff failed to make required showing that piercing of veil was "necessary to avoid fraud or the promotion of injustice"). Furthermore, and importantly, the general pleading requirements for piercing the corporate veil have been modified slightly to specifically deal with infringement claims. Over 80 years ago in *Dangler v. Imperial Mach. Co.*, the Seventh Circuit established special requirements for attaching personal liability to an infringement claim:

> [I]n the absence of some ***special showing,*** the managing officers of a corporation are ***not liable for the infringements of such corporation, though committed under their general direction*** . . .

> It is when the officer acts willfully and knowingly - that is, when
> he personally participates in the manufacture or sale of the
> infringing article (acts other than as an officer), or when he uses
> the corporation as an instrument to carry out his own willful and
> deliberate infringements, or when he knowingly uses an
> irresponsible corporation with the purpose of avoiding personal
> liability - that officers are held jointly with the company.
> 11 F.2d 945, 947 (7th Cir. 1926) (emphasis added).

*Dangler*—the seminal case on piercing the corporate veil for infringement claims—remains good law, and has been cited recently and often by this Court. *See, e.g., Panther Pumps & Equip. Co., Inc. v. Hydrocraft, Inc.*, 468 F.2d 225, 233-34 (7th Cir. 1972) (expressly adhering to *Dangler* and finding no "special showing" in infringement case where the accused products were manufactured and sold by a corporate defendant, and the individual defendants participated only "in their capacity as officers and agents of the corporation"); *The Drink Group, Inc. v. Gulfstream Commc'ns, Inc.*, 7 F. Supp. 2d 1009, 1010 (N.D. Ill. 1998) ("*Dangler* is still the law of this Circuit"); *Jones Day v. Blockshopper LLC*, No. 08 CV 4572, 2008 WL 4925644, at *5 (N.D. Ill. Nov. 13, 2008) While *Dangler* involved a patent dispute, courts have applied it in copyright and trademark infringement cases as well. *See Peacable Planet, Inc., v. Ty Inc.* 185 F Supp.2d 893,896 (N.D. Ill 2002) (trademark) and *Syscon, Inc. v. Vehicle Evaluation Services,* 274 F. Supp 975, 976 (N.D. Ill 2003) (copyright). White's infringement claims here do not meet the "special showing" standard so carefully and broadly defined by *Dangler* and its progeny and as infringement is the only count in White's amended complaint, *Dangler* controls.

**ARGUMENT**
**I. WHITE HAS FAILED TO STATE ANY CLAIM AGAINST MARSHALL PERSONALLY.**
The Court is "not required to accept conclusory allegations." *The Drink Group*, 7 F.

Supp. 2d at 1009-10 (referencing *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir. 1996)); *see also FM Indus., Inc. v. Citicorp Credit Servs., Inc*., No. 07 C 1794, 2007 WL 4335264, at *5 (N.D. Ill. Dec. 5, 2007) ("information and belief" allegations about wrongdoing by corporate officers "does not constitute adequate fact pleading and is speculation precluded under *Twombly*"); *Specht v. Google*, *Inc.*, No. 09 C 2572, 2009 WL 2407749, at *4 (N.D. Ill. Aug. 3, 2009) (Slip op.) ("Plaintiff's conclusory statements that the Individual Defendants are liable, standing alone, fall short of the 'special showing' and run afoul of their duty to adumbrate a claim with supporting facts"), citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Here, White's bare-bone allegations do not even ***approach*** the pleading requirements for piercing the corporate veil of SSO or SA and attaching personal liability to its Manager.

As an initial matter, White has not, and cannot, alleged that either SSO or SA is a "dummy or sham"corporation—*i.e*., that it is not a properly established company operating as a distinct legal entity for legitimate commercial purposes. In other words, there are no allegations that SSO or SA was set up for the purpose of avoiding personal liability so that Mr. Marshall can commit deliberate infringement with impunity. *C.f. Judson Atkinson*, 529 F.3d at 380 (finding plaintiff's facts did "not come close to making a 'substantial showing that the corporation is really a dummy or sham for a dominating personality'", and declining to pierce corporate veil); *see also Worth*, 276 F.3d at 261 (ignoring corporate formalities was not warranted where there was no evidence that the corporate defendant "was set up for the purpose of avoiding liability"). By White's own admissions, SSO and SA are in good standing with the State of Wisconsin Department of Financial Institutions, and have been operating continuously as business enterprises in the

same field since at least 2004 and 2006 respectively.(AC ¶¶ 4, 5) In addition, and again per White's own exhibits, SSO previously executed a settlement agreement in connection with prior litigation between the parties, and paid a substantial monetary sum to White in furtherance of that agreement, thus demonstrating that SSO is financially responsible. (*See* AC ¶ and Exh. A thereto). And, as further evidence that the entities are not "dummy or sham" corporations, they have gone to the trouble to obtain federal and international trademark registrations for the word marks "SPEEDALIGNERS" and "NIGHTSHIFT" [USPTO ser. Nos. 78787024 and 77751133 respectively.] *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (on a motion to dismiss, the court may take judicial notice of matters of public record).

White has not alleged facts necessary to make the "special showing" required by *Dangler*. Rather, White has alleged quite clearly that it is SSO, not Mr. Marshall, that is responsible for the use of the photographs. (AC ¶ 27.) Indeed, as support for piercing the corporate veil, White alleges with particularity only two things Mr. Marshall has done: ***first***, he signed a contract (a settlement agreement, to be exact, and it is worth noting that Marshall was releasing a state claim for himself as an individual against Dr. White as part of that settlement, so he was *required* to sign for that reason.) (AC ¶ 22); and ***second***, he has allegedly identified himself as a manager of the entities (AC ¶ 32). Beyond that, White offers no more than conclusory allegations that Marshall has a financial interest and ability to control SSO and SA.

Notably, there are no allegations that any officer or member of any entity (Marshall or Bishop) acted outside of his standard fiduciary or corporate responsibilities. (Even taking White's allegations as true, it is clear that merely identifying oneself as a

manager, and the signing of settlement agreements are not unusual tasks for a corporate Manager). Moreover, the Complaint does not allege facts to show with any specificity that any corporate officer personally undertook any willful or deliberate actions to infringe White's copyrights.

The "special showing" standard of *Dangler* has been widely applied. In *Jones Day v. Blockshopper LLC*, the court recognized the continuing relevance of *Dangler's* "special showing" requirement, and dismissed trademark infringement claims against two individual corporate officers because the complaint failed to allege with specificity any actions beyond what a normal officer would do:

> [T]he required special showing is not met when the individual defendant has done nothing beyond the scope of his duties as officer and the corporation was not organized to permit the individual defendant to profit from the infringement or hide his personal liability under a corporate shell so that the alleged infringement was not willful.
> ***Even assuming the alleged conduct of blockshopper.com is ultimately found to constitute illegal infringement***, the Complaint does not contain sufficient allegations to plausibly state a claim of individual liability against Timpone and Weinhaus. There are no allegations that [they] organized blockshopper.com for the purpose of committing infringing acts or that they willfully participated, directed or ordered the allegedly infringing acts here. The only facts alleged in the Complaint as to Timpone and Weinhaus are that Timpone and Weinhaus; (1) "co-founded, registered and own the internet website located at the domain blockshopper.com" and (2) are "now members of Defendant Blockshopper LLC" and, together with Blockshopper LLC, "are now doing business as Blockshopper.com and use the Web Site to operate that business." These allegations are clearly insufficient to allege the special showing required to hold an individual officer liable.
> 2008 WL 4925644 at *5 (emphasis added).

Here, White makes no allegations that Mr. Marshall has acted outside of the scope of his duties as a corporate officer of SSO or SA, or that SSO or SA was created to permit Mr. Marshall to profit from infringement while hiding from personal liability. Based on

White's paper-thin allegations against Mr. Marshall, there is no basis to pierce the corporate veil of SSO or SA and attach any personal liability to him—White's unsupported "financial interest and ability to control" allegations against corporate officers in this case simply don't pass muster in the context of a case that is entirely based on infringement and to which the *Dengler* standard is apt, and having an active role in a company is simply not tortious. Under both the general piercing standard and the more specific "special showing" standard for infringement claims, White falls well short of the pleading requirements to bring a claim against an individual defendant. "While federal rules do not require more than notice pleading," White's complaint "has failed to meet even that minimal threshold." *DEV Indus.*, 1992 WL 100908 at *3. Thus, there is simply no reason here to disrespect the well-established preference for respecting the corporate form and protecting individual officers, members, and/or employees from personal liability. Mr. Marshall must be dismissed from the case.

## II. WHITE SHOULD NOT BE GRANTED LEAVE TO AMEND.

After causing the expense of the present amended complaint without alleging present ownership of valid copyrights, White should not be granted leave to amend. A "district court may deny a plaintiff leave to amend if 'there is . . . undue prejudice to the opposing party by virtue of allowance of the amendment'" or where the amendment would be futile. *Sound of Music Co. v. Minn. Miningand Mfg. Co*., 477 F.3d 910, 922 (7th Cir. 2007) (affirming refusal to allow amendment). Here, both of those standards are met. *First*, White has already amended the Complaint once, thereby delaying this matter's conclusion and unnecessarily adding to the Defendants' costs of defense. Further amendment would drive up Defendants' expenses even more, and as such, would be

unduly prejudicial. **Second**, and more importantly, any further amendment to White's AC would be futile. *See Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991)(denying plaintiff leave to supplement her complaint with additional allegations where "these additional allegations merely reiterate[d] and embroider[ed] the claims [plaintiff had] already presented in her original complaint, adding little, if anything, of substance to her case"); *Smart v.Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009) (affirming denial of leave to amend due to futility). As discussed at length in the concurrent Motion to Dismiss for SSO and SA, White has not stated a claim for copyright infringement in any way, ever, because White has failed to allege present ownership of valid copyrights. Moreover, White has not properly served Bishop or Nightshift, but conflict and ethics rules prevent a pleading of insufficient service of process as a basis for dismissal as to these named defendants. If the present AC—which is riddled with conclusory allegations and largely insufficient to meet the pleading requirements of Federal Rule of Civil Procedure 8—represents the best White could come up with, further amendment is likely to be futile as to any defendant. Accordingly, this Court should deny White leave to amend.

## CONCLUSION

For all of the foregoing reasons, Mr. Marshall respectfully request that this Court grant this Motion to Dismiss, and pray for such other and further relief as this Court deems just and proper.

                                                          Respectfully submitted,

                                                          MICHAEL C. MARSHALL
                                                          Defendant

Dated: October 21, 2009    By:      /s Marjory S. Stewart
                                                          Marjory S. Stewart Law Office, LLC
                                                          750 N. Lincoln Memorial Drive, Suite 312

Milwaukee, WI 53202
Telephone: (414)431-0032
stewartlawscience@hotmail.com
Attorney for Original Defendants.

CERTIFICATE OF SERVICE

   I hereby certify that on October 21, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system which will send notification of such filing to the following:

**John P Fredrickson**
Boyle Fredrickson, S.C.
840 N Plankington Avenue
Milwaukee, WI 53202
414-225-9755
Fax: 414-225-9753
Email: jpf@boylefred.com

                 Marjory S. Stewart Law Office, LLC
                 750 N. Lincoln Memorial Drive, Suite 312
                 Milwaukee, WI 53202
                 Telephone: (414) 431-0032
                     stewartlawscience@hotmail.com
                 Attorney for defendants.