UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DR. VELTON C. WHITE and DONNA WHITE,

        Plaintiffs,

    v.                                          Case No. 07-CV-892

MICHAEL C. MARSHALL,
SUPER SPRING ORTHODONTICS, LLC,
SPEEDALIGNERS, LLC,
NIGHTSHIFT, LLC,
and DANIEL L. BISHOP,

        Defendants.

_____

## ORDER

       This case was filed on October 4, 2007, over two and a half years ago, and yet has not reached maturity for dispositive motions. One could say that the proverbial train has apparently fallen off the track; however that would give the false impression that this train was ever properly on track. Rather, it was not until January of 2009 that Donna White was added as a named plaintiff, and it was not until October of 2009 that defendants Nightshift and Bishop were added via the filing of an amended complaint. It would appear that the filing of the amended complaint is the action that truly caused the wheels to fall off this case, as the naming of Bishop as a defendant created a conflict of interest for defense counsel, Attorney Marjory Stewart.

       On October 21, 2009, Ms. Stewart filed – on behalf of defendants Marshall, Super Spring, and Speedaligners – a motion to dismiss plaintiffs' amended

complaint, and she filed – on behalf of defendant Marshall – a motion to dismiss Marshall from this action. She then withdrew from the case. The arguments in these motions were so poorly developed that the court essentially had no choice but to deny the motions. To make matters worse, in addition to filing deficient briefs, it appears that Ms. Stewart may have also informed Marshall that the court had granted Marshall, Super Spring, and Speedaligners a ninety-day extension of time. However, such an assertion, if made, was clearly incorrect.

In response to plaintiffs' amended complaint, Nightshift, unrepresented by counsel, requested to be joined to the aforementioned October 21, 2009 motion to dismiss the amended complaint filed on behalf of Marshall, Super Spring and Speedaligners. Similarly, Bishop, unrepresented by counsel, requested to be joined to the aforementioned October 21, 2009 motion to dismiss filed on behalf of Marshall.

Nightshift's request to be joined in the motion to dismiss the amended complaint was not filed by an attorney. However, Fed. R. Civ. P. 11, requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party personally if the party is unrepresented." It is well established that corporations and other artificial entities, such as limited liability companies, may appear in federal courts only through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02

(1993); *see also United States v. Hagerman*, No. 08-2670, slip op. at 4-5 (7th Cir. Sept. 26, 2008).

Accordingly, plaintiffs moved this court to strike Nightshift's response, and to grant default judgment against Nightshift pursuant to Fed. R. Civ. P. 55(a) as a result of Nightshift's failure to plead or defend. Striking Nightshift's filing is clearly appropriate here, given the previously cited rule preventing limited liability companies from appearing in federal court pro se. However, typically the court would grant Nightshift an extension of time in order to properly respond to the amended complaint. Yet, no such extension of time is warranted in this case.

Plaintiffs first moved for default judgment on December 9, 2009, yet that filing, while substantively correct, was procedurally flawed in that the proof of service on Nightshift filed by plaintiffs did not clearly show that Nightshift had been properly served. Plaintiffs corrected this deficiency on January 26, 2010, by filing an affidavit clearly showing that Nightshift was properly served with the amended complaint on November 12, 2009. Plaintiffs thereafter re-filed their request to have Nightshift's response stricken and default judgment entered. Thus, Nightshift has been aware since December 9, 2009 (the date of plaintiffs' first motion to strike and motion for entry of default) that its original pro se filing was deficient, and that it may only appear in this court via a licensed attorney. However, Nightshift has not to this date filed an answer, or any other motion, through a licensed attorney. Given the amount of notice Nightshift has had, the court sees no reason not to enter default judgment

-3-

against Nightshift pursuant to Fed. R. Civ. P. 55(a) for failure to plead or otherwise defend.

The situation regarding Bishop is more complicated. As previously explained, Bishop asked to be joined in Marshall's motion to dismiss. The court noted as much in its order denying Marshall's motion to dismiss, and thus assumed that because the motion to dismiss was denied, that Bishop would subsequently file an answer. However, the court did not specifically state in its order that the order was also applicable to Bishop. Thus, Bishop was apparently uncertain whether the order was applicable to him, and thus filed a motion for leave to file a motion to dismiss.

Granting Bishop leave to file a motion to dismiss would only serve to further drag out this litigation. The issues pertaining to Bishop's liability are very similar to the issues pertaining to Marshall's liability. The court has already stated in its previous order that the inadequacy of the prior briefings made it difficult to even determine the correct legal standard that should be applicable to the question of Marshall and Bishop's individual liability, but that the parties are free to revisit the issue at summary judgment. The most judicious use of the court's and the parties' resources would be to move toward a completion of discovery and allow the parties to address all issues at the summary judgment phase. Additionally, given the court's role in any confusion regarding Bishop's status, the court will allow Bishop an opportunity to file an answer.

There are several other pending motions before the court. Marshall has filed a motion for reconsideration of the denial of the motion to dismiss the amended complaint. Finding no merit to the motion, the court is obliged to deny it. Marshall has filed a motion to have himself dismissed from this action because the filings all refer to him as Michael C. Marshall, yet he states his name is actually Michael J. Marshall. Plaintiffs' mistake regarding Marshall's middle initial does not warrant dismissal of Marshall, nor does it relieve Marshall of his obligations in this litigation. The mistake as to his middle initial is merely a misnomer, in that Marshall is the correct party, plaintiffs merely misstated his name. In Wisconsin:

> The general rule is that if the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or, even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit, or even after judgment, and a judgment taken by default is enforceable.

*Hoesley v. La Crosse VFW Chapter*, 175 N.W.2d 214, 215 (Wis. 1970) (quoting 42 Am. Jur., Process, p. 22, sec. 21). Therefore, Marshall is mistaken to think that the error regarding his middle initial is fatal to plaintiffs' claims.

Lastly, plaintiffs have filed an expedited motion to compel and motion for an extension of time to complete discovery. Apparently, none of the defendants have responded to plaintiffs' discovery requests.[1] Plaintiffs request that, as a result, fact

---

[1] Because defendants have failed to cooperate in regards to discovery, plaintiffs also seek to recover attorneys fees incurred in connection with the filing of their motion to compel. Defendants have not opposed this request, nor does the court see any reason that plaintiffs should not be able to recover such fees from Marshall, Super Spring, and Speedaligners. Because the court may have played some role in Bishop's confusion regarding his status in this case, the court will not require Bishop to be liable for any of the fees plaintiffs incurred in bringing the motion to compel.

-5-

Case 2:07-cv-00892-JPS   Filed 04/01/10   Page 5 of 8   Document 97

discovery and the dispositive motion deadline be extended. The court is loath to allow this case to draw out further; however, the simple fact is that given the lack of discovery that has been conducted, the court would simply be hampering itself were it to require dispositive motions at this time.

The most judicious use of time and resources would be for all parties – that is Marshall, Super Spring, Speedaligners, Bishop, and plaintiffs – to confer and, within 21 days of this order, file with the court a proposed amended expedited scheduling order setting firm calendar cutoff dates for: 1) naming expert witnesses in accordance with the requirements of Fed. R. Civ. P. 26(a)(2); 2) completion of all discovery; and 3) filing dispositive motions. The parties are hereby on notice that once such order is entered, it will not be amended for any reason, and that failure to comply with the order would put such party at risk of sanction.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Strike Nightshift LLC's Response to Plaintiffs' Amended Complaint; and plaintiffs' Motion for Entry of Default (Docket #76) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that plaintiffs' 7.4 Motion to Strike Nightshift's Response, and plaintiffs' Motion for Entry of Default against Nightshift (Docket #80) be and the same are hereby **GRANTED**;

-6-

Case 2:07-cv-00892-JPS   Filed 04/01/10   Page 6 of 8   Document 97

**IT IS FURTHER ORDERED** that Marshall's Motion for Reconsideration of the Denial of the Motion to Dismiss the Amended Complaint (Docket #81) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Bishop's Motion for Leave to File a Motion to Dismiss the Amended Complaint (Docket #82) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Marshall's Motion to Dismiss (Docket #85) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Bishop's Motion for Extension of Time (Docket #86) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that plaintiffs' Expedited Motion to Compel and Motion for Extension of Time (Docket #90) be and the same are hereby **GRANTED** to the extent specified below;

**IT IS FURTHER ORDERED** that defendants Marshall, Super Spring, and Speedaligners are, pursuant to Fed. R. Civ. P. 37(d)(3), jointly and severally to pay plaintiffs' attorneys fees incurred in connection with plaintiffs' motion filed at Docket #90. The parties shall submit an agreed order determining the amount of said fees within thirty days, or, if no agreement can be reached, plaintiffs shall file a statement of their fees within forty days;

**IT IS FURTHER ORDERED** that Marshall's Motion to Stay Discovery and Deposition (Docket #94) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Bishop's Motion to Stay Discovery and Deposition (Docket #95) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the parties meet, confer and submit a proposed amended expedited scheduling order within 21 days of this order, as detailed above.

The court also directs Marshall, Super Spring, Speedaligners, and Bishop to file answers to the amended complaint within 30 days of this order; failure to do so will expose such party to the risk of default judgment pursuant to Fed. R. Civ. P. 55(a); and

The Clerk is directed to enter default against Nightshift, LLC.

Dated at Milwaukee, Wisconsin, this 1st day of April, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge